UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 94-5675

STEFFAN PIRNAT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-92-311-A)

Submitted: March 21, 1996

Decided: April 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Pleasant S. Brodnax, III, Alexandria, Virginia; Mary E. Davis,
DAVIS & DAVIS, Washington, D.C., for Appellant. Helen F. Fahey,
United States Attorney, Thomas M. Hollenhorst, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steffan Pirnat pled guilty to conspiracy to distribute more than 10 grams of lysergic acid diethylamide (LSD), 21 U.S.C.A. § 846 (West Supp. 1995), and was sentenced in 1992 to a term of 151 months imprisonment. His offense level was computed using the weight of the LSD plus the weight of the carrier medium (blotter paper) under the sentencing guidelines then in effect. United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov. 1991).

When the Sentencing Commission revised USSG § 2D1.1 in 1993 and made the amendment retroactive,* Pirnat moved for modification of his sentence under 18 U.S.C.A. § 3582(c)(2) (West Supp. 1995). Under the revised guideline, the weight of the LSD alone is used to determine the offense level. The new version of§ 2D1.1 lowered Pirnat's sentencing guideline range to 70-87 months. However, the district court sentenced him to the statutory minimum of 120 months, finding that the statute controlled and that, under Chapman v. United States, 500 U.S. 453, 468 (1991), the statute required the use of the carrier medium in the weight of the LSD in determining whether the mandatory minimum applied. See 18 U.S.C.A.§ 841(b)(1)(A)(v) (West Supp. 1995).

Pirnat appeals this ruling. He contends that the amended guideline does not conflict with Chapman, relying on United States v. Muschik, 49 F.3d 512, 518 (9th Cir. 1995). However, the Supreme Court has now rejected the approach taken in Muschik. In Neal v. United States, ___ U.S. ___, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996) (No. 94-9088), the Court held that the sentencing court must take into account the entire weight of the carrier medium in determining the weight of the "mixture or substance" containing LSD under§ 841(b)(1) even

_____

*USSG, App. C, Amend. 488, 502 (Nov. 1995).

2

though the sentencing guidelines prescribe a different method. The district court's decision was thus correct.

We therefore affirm the 120-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3